# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| NATHAN FUCHS *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 3:23-cv-00892 |
| SPECIALTYCARE, INC., | ) CHIEF JUDGE CAMPBELL ) MAGISTRATE JUDGE HOLMES |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Pending before Court are two unopposed motions to seal (Doc. Nos. 126 ("Plaintiffs' Motion) and 142 ("SpecialtyCare's Motion"), collectively "Motions"). For the reasons set forth below, the Motions are **GRANTED** in part and **DENIED** in part.

### I. STANDARD OF REVIEW

Courts have considerable discretion in managing their records. *See In re Knoxville News-Sentinel Co., Inc. v. Knoxville Journal Corp.*, 723 F.2d 470, 473 (6th Cir. 1983). The Sixth Circuit has held that a party seeking to seal a document from public view must provide "compelling reasons" to seal the document and demonstrate that sealing is narrowly tailored to serve those reasons by analyzing "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Group., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305–06 (6th Cir. 2016)). The burden is on the party designating the material as confidential. *Id.* If the designating party is not the moving party, the designating party must file a response to the motion with the required analysis. *Id.*; *see also* Local Rules 5.03 and 7.01.

The standard to seal information from public view is higher than that required for protecting documents during discovery. *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x. 202, 207 (6th Cir. 2016). In making a determination, the Court weighs the "presumptive right of the public to inspect" judicial material with the interests of privacy. *In re Knoxville News* 723 F.2d at 473-74. Typically, in civil litigation, "only trade secrets, information covered by a recognized privilege (such as attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault)" are enough to overcome the presumption of access. *Shane Grp.*, 825 F.3d at 308. (citation omitted). "The fact that a document will reveal 'competitively-sensitive financial and negotiating information' is not an adequate justification for sealing–rather, 'the proponents of closure bear the burden of showing that disclosure will work a clearly defined and serious injury.'" *Kondash v. Kia Motors America, Inc.*, 767 F. App'x. 635, 639 (6th Cir. 2019).

## II. ANALYSIS

In their Motions, the parties request to seal, in whole or in part, documents relating to the briefing on Plaintiffs Nathan Fuchs' and Caitlin Bailey's (collectively "Plaintiffs") Motion for Rule 23 Class Certification ("Motion for Class Certification"). (*See generally* Doc. No. 126, Doc. No. 142).[1]

### A. Plaintiffs' Motion

Plaintiffs' Motion seeks to seal documents that contain: (1) personal identifying or health information; (2) training materials and training-related information; (3) salary and compensation

---

[1] The parties also request to seal documents relating to the briefing on Plaintiffs' Motion for a Final Determination Regarding Similarly Situated Employees, which the Court's Order on SpecialtyCare's Partial Motion to Dismiss has mooted. (*See generally* Doc. No. 190). Because each of these documents also relates to the briefing on the Motion for Class Certification (*See generally* Doc. Nos. 129, 144), the Court need not differentiate between the two categories.

information; and (4) information regarding internal policies, procedures, and business processes.[2] The Court will address each category in turn.

1. Personal Identifying and Health Information

The Parties seek to seal certain documents that contain "sensitive personal information, such as dates of birth, medical conditions, and addresses" as well as "personal and/or health-related information about current and former SpecialtyCare employees." (Doc. No. 126 at 4–5; Doc. No. 141 at 5). "Sixth Circuit precedent supports such a sealing so long as the redactions are narrowly tailored to seal only the personally identifying information." *In re Flint Water Cases*, No. 516CV10444JELMKM, 2021 WL 1877018, at *2 (E.D. Mich. Apr. 21, 2021) (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)); *see, e.g., Bright v. Brookdale Senior Living, Inc.*, No. 3:19-CV-00374, 2024 WL 1361839, at *2 (M.D. Tenn. Mar. 29, 2024) ("The Court finds that the above cited documents contain personally identifying information and it is appropriate to seal them."); *In re Envision Healthcare Corp. Sec. Litig.*, No. 3:17-CV-01112, 2021 WL 4391622, at *2 (M.D. Tenn. Sept. 24, 2021) (noting that the Court would allow redactions of patient health information); *United States ex rel. Maur v. Hage-Korban*, No. 117CV01079STAJAY, 2019 WL 4023751, at *2 (W.D. Tenn. Aug. 26, 2019) (sealing complaint containing identifying health information).

---

[2] The Parties also rely on the stipulated protective order ("Protective Order") entered by Magistrate Judge Holmes. (Doc. No. 50). However, the Sixth Circuit has made it clear that an agreed protective order is not a sufficient legal basis for a district court to place documents under seal. *See Shane Grp.*, 825 F.3d at 305; *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016); *see also Alyn v. S. Land Co., LLC*, No. 3:15-CV-596, 2016 WL 5126735, at *1 (M.D. Tenn. Sept. 20, 2016) (a protective order is an insufficient basis for sealing a document); *Hughes v. Core Civic, Inc.*, No. 3:19-CV-924, 2021 WL 5827136, at *1 (M.D. Tenn. Dec. 8, 2021) (same); *Davis v. Gilead Scis., Inc.*, No. 3:20-CV-00619, 2021 WL 1984943, at *2 (M.D. Tenn. May 18, 2021) (same). Moreover, the Protective Order itself emphasizes that it does not authorize sealing. (*See* Doc. No. 50 at 7; *accord* L.R. 5.03(f)). Therefore, the Court will disregard arguments based solely upon the Protective Order.

3

Case 3:23-cv-00892    Document 202    Filed 09/09/25    Page 3 of 11 PageID #: 7662

With respect to PX11, PX22, PX23, PX24, PX25, PX26, PX27, and PX28, the Court finds that the privacy interests at play outweigh the presumptive right of the public to access the personally identifying information therein because this information is not relevant to Plaintiffs' claims, whereas the privacy interests of the individuals impacted are significant. *See In re Flint Water Cases*, 2021 WL 1877018 at *2. After careful review, the Court finds that, with the slight adjustments in *infra* n.3, the proposed redactions are narrowly tailored to protecting personally identifying and health information.[3] Accordingly, with these adjustments, Court will grant Plaintiffs Motion as to PX11,[4] PX22, PX23, PX24, PX25, PX26, PX27, and PX28.

With respect to PX13, PX15, and PX21,[5] the parties request that the entire documents remain sealed because they "reveal private information about former employees who were terminated from the company or voluntarily left the company for personal or health reasons" and because "redacting this information . . . would remove virtually all substantive information from the documents and render them meaningless." (Doc. No. 241 at 11). The Court agrees that these documents contain private information about former employees, who are not parties to this lawsuit and whose privacy interests outweigh the presumptive right of the public to access the information. *See Shane Grp., Inc.* 825 F.3d at 308 ("The privacy interests of innocent third parties should weigh heavily in a court's balancing equation." (internal quotation marks omitted)). Because of how

---

[3] Regarding the deposition of M. Analeigh Tucker (PX24), the final excerpt to be redacted is 154:3–11, not 154:3–1, which seems to be a typographical error in Plaintiffs' Motion. (*See* Doc. No. 126 at 4). The last-to final excerpt in that same deposition transcript to be redacted is 57:12–-15, not 57:11–16. Regarding the deposition of Ethan Resetar (PX26), the excerpt to be redacted is 9:16–19, not 9:15–19. Regarding the deposition of Matthew Brown (PX27), the excerpt to be redacted is 8:5–9, not 8:2–9.

[4] Plaintiffs did not file a redacted version of PX11 with their Motion. For purposes of this analysis and the analysis in *infra*, Section 4, the Court assumes that the proposed redactions are the same as in the document appearing on docket entry 177-5.

[5] Plaintiffs filed these exhibits manually. (*See generally* Doc. No. 125).

pervasive this information is throughout the documents, the Court also agrees that, once it (and the information discussed in *infra*, Sections 3–4) is removed, the documents are virtually meaningless such that sealing these documents in their entirety is no broader than necessary to protect that information. *See Reigelsperger v. Polaris Indus., Inc.*, No. 3:25-CV-00148, 2025 WL 1568189, at *3 (S.D. Ohio June 3, 2025) (sealing entire document where redacting the information would have rendered it meaningless); *Elmy v. W. Express, Inc.*, No. 3:17-CV-01199, 2021 WL 6496867, at *2 (M.D. Tenn. Sept. 1, 2021) (same); *Davis v. GEICO* Cas. Co., No. 2:19-CV-2477, 2021 WL 3883915, at *2 (S.D. Ohio Aug. 31, 2021) (same). Accordingly, the Court will also grant Plaintiffs' Motion as to PX13, PX15, and PX21.

2. Training Materials and Training-Related Information

Next, the Parties request to seal documents that contain information regarding SpecialtyCare's training materials on the basis that they are proprietary and/or confidential and that SpecialtyCare has expanded resources in developing its training materials, the disclosure of which would give its competitors an unfair advantage. (*See* Doc. No. 141 at 6–7). It is proper to restrict public access to proprietary information that has independent economic value as well as information that would allow competitors an inside look at a company's business strategies. *See Montenegro v. Vaco LLC,* No. 3:23-CV-01265, 2025 WL 73247, at *2 (M.D. Tenn. Jan. 10, 2025); *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-CV-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017). This reasoning applies to documents containing "details pertaining to a company's recruiting and training policies—policies not generally available to the public." *Montenegro,* 2025 WL 73247 at *2; *see Drerup v. NetJets Aviation, Inc.*, No. 2:19-CV-3499, 2021 WL 5710399, at *2 (S.D. Ohio Dec. 2, 2021). Further, "[t]he interests of the public in accessing

5

an exhibit to a motion are diminished when the nature of the motion can be understood even without access to be documents for which sealing is sought." *Montenegro,* 2025 WL 73247 at *2.

Here, the Court has reviewed the documents at issue, *i.e.*, PX5, PX6, PX14, PX16, PX17, PX18, PX19, PX28, and PX34, and finds that they contain proprietary information pertaining to SpecialtyCare's training. This information is not in itself at issue in this case, and the minutiae of the training have little or no bearing on the public's understanding of the underlying Motion for Class Certification. The Court further finds that the proposed redactions to PX5 (in addition to the redactions discussed in *infra*, Section 4), PX16, PX18, and PX28 (in addition to the redactions discussed in *infra*, Section 3) are narrowly tailored to protecting this information. As for PX6, the Court agrees that the document becomes meaningless once training-related information (and the information discussed in *infra*, Section 3) is removed. As such sealing PX6 in its entirety is no broader than necessary to protect that information. The Court will therefore grant the Motion with respect to PX5, PX6, PX16, PX18, PX28, and PX34.

As for PX17 and PX19, the Court finds that the not all pages contain proprietary, training-related information and that the document would not be rendered meaningless by redaction. The Court will therefore deny the Plaintiffs' Motion with respect to PX17 and PX19 without prejudice. Finally, as to PX14, the Court notes that Plaintiffs have filed an unredacted copy of this document on the publicly accessible portion of the docket. (*See* Doc. No. 129-16–19). The Court will therefore deny Plaintiffs' request as to PX14 as moot. *See Miller v. French Pastry Sch.*, LLC, No. 1:18-CV-04738, 2021 WL 12110545, at *1 (N.D. Ill. Mar. 30, 2021) (terminating motion to seal as unnecessary because the document at issue appeared on the public portion of the docket).

3. <u>Salary and Compensation Information</u>

The Parties also request to seal PX3, PX6, PX8, PX13, PX21, PX28, PX34, and PX40[6] on the basis that these documents contain salary and compensation information. (*See* Doc. No. 141 at 8–9). "[C]ourts generally grant requests to seal information about a company's employee salary and compensation structures." *Doe v. Brooks Automation US LLC*, No. 3:24-CV-01284, 2025 WL 936659, at *6 (M.D. Tenn. Mar. 27, 2025) (quoting *Young v. Provident Life & Accident Ins. Co.*, No. 2:21-CV-00041, 2023 WL 5837001, at *6 (M.D. Tenn. Mar. 13, 2023)); *TERA II, LLC v. Rice Drilling D, LLC*, No. 2:19-CV-2221, 2023 WL 8566266, at *2 (S.D. Ohio Dec. 11, 2023) (same); *see also Ecolab, Inc. v. Ridley*, No. 1:22-CV-050-TRM-SKL, 2023 WL 11762683, at *4 (E.D. Tenn. July 13, 2023) ("[t]his information could easily inform competitors' salary and job offers").

Having reviewed these documents, the Court finds that they contain salary and compensation information and that SpecialtyCare's interest in protecting this information outweighs the presumptive right of the public to access it. The Court further finds that the proposed redactions are narrowly tailored to protect this information. The Court also agrees that filing PX6, PX8, PX13, PX21, and PX40 entirely under seal is appropriate because redactions would render them virtually meaningless. As such, the Court will grant Plaintiffs' Motion with respect to PX3, PX6, PX8, PX13, PX21, PX28, PX34, and PX40.

4. <u>Information Related to Internal Policies, Procedures, and Business Processes</u>

Finally, the Parties seek to seal documents that contain "miscellaneous confidential business information related to SpecialtyCare's policies, procedures, and internal business processes." (*See* Doc. No. 141 at 9–11). Specifically, the documents at issue contain information about billing practices and handbooks that include processes for hiring, termination, and

---

[6] Plaintiffs filed PX14 manually.

repayment obligations, which "would allow SpecialtyCare's competitors to gain an insight into its internal processes and strategies." (*See id.*)

Sealing documents that contain confidential business information is proper. *See Veritas Indep. Partners, LLC v. Ohio Nat'l Life Ins. Co.*, No. 1:18-CV-769, 2024 WL 986280, at *7 (S.D. Ohio Mar. 7, 2024) (granting motion to seal internal manual containing confidential business information); *Good L. Corp. v. Fasteners for Retail, Inc.*, No. 3:18-CV-00489, 2020 WL 6948360, at *2 (M.D. Tenn. June 15, 2020) ("the specific financial and market information . . . in these documents presents compelling reasons to seal the documents") (citing *London Computer Systems, Inc. v. Zillow, Inc.*, No. 1:18-cv-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019) (granting motion to seal documents containing confidential business information such as financial calculations and marketing strategies)).

The Court has reviewed the documents at issue and concludes that they contain confidential business information of the type described by the Parties. The Court further finds that the legitimate interests raised by the Parties outweigh the public interest in accessing the information contained in these documents. The Court has also reviewed the proposed redactions in PX2, PX3, PX4, PX5, PX11, and PX38,[7] which it finds no broader than necessary to protect the confidential business information at issue. As for PX6 (in addition to the reasons discussed above (*see supra*, Sections 2–3)), PX8 (in addition to the reasons discussed above (*see supra*, Section 3)), PX9, and PX15 (in addition to the reasons discussed above (*see supra*, Section 1)), the Court finds that sealing the entire documents is appropriate because the necessary redactions would render them virtually meaningless. Accordingly, the Court will grant Plaintiff's Motion with respect to these documents.

---

[7] Plaintiffs did not file a redacted version of PX38 with their Motion. For purposes of this analysis, the Court assumes that the proposed redactions are the same as in as in the document appearing on docket entry 177-12.

In sum, the Court will grant Plaintiffs' Motion, except as to PX17 and PX19 (without prejudice), and PX14 (with prejudice).

**B. SpecialtyCare's Motion**

SpecialtyCare's Motion seeks to seal documents that contain: (1) salary and compensation information; (2) sensitive personal information; and (3) information designated as "confidential" pursuant to the Protective Order in this case. (*See generally* Doc. Nos. 142, 146, 160). The Court will address each category in turn.

1. <u>Salary and Compensation Information</u>

As discussed in *supra*, Section A.3, courts regularly allow the sealing of documents that contain information on salary and compensation. SpecialtyCare seeks to seal two documents that contain information about salary increases for surgical neurophysiologists, namely DX9 and DX10. SpecialtyCare contends that making this information public would place it at a "huge disadvantage" because "SpecialtyCare does not have access to its competitors' salary and compensaton information." (Doc. No. 142 at 4). The Court finds that SpecialtyCare has a compelling interest in sealing these documents, which outweigh the public's right to access this information, and that sealing these entire documents is no broader than necessary because redacting them would render them virtually meaningless. Therefore, the Court will grant SpecialtyCare's Motion on these documents.

2. <u>Sensitive Personal Information of Third Parties</u>

As discussed in *supra*, Section A.1, Sixth Circuit precedent supports sealing sensitive personal information of third parties. SpecialtyCare contends that DX12-A, DX12-B, DX12-C, and DX15 "reveal private information about the financial circumstances of former employees." (Doc. No. 142 at 5). DX12-A, DX12-B and DX12-C are releases of three former employees, two

of which appear to be opt-in plaintiffs,[8] from the Repayment Agreement. While former employers may have legitimate privacy interests in connection with their releases, the Court finds that sealing the entirety of these releases would not be narrowly tailored to protecting these interests. Indeed, the releases contain only limited identifying information, which could easily be removed with modest redactions. The Court also disagrees that the public has "no interest" in accessing the information in the releases, insofar as the releases pertain to the Repayment Agreement at the heart of this case, and SpecialtyCare relies on them to oppose class certification (*See* Doc. No. 144 at 4, 19). The Court will therefore deny SpecialtyCare's Motion with regard to DX12-A, DX12-B, and DX12-C without prejudice.[9] The same reasoning applies to DX15, which is an email chain in which SpecialtyCare discusses repayment specifics with a former employee and opt-in plaintiff. However, the Court will deny SpecialtyCare's Motion as to DX15 with prejudice because any personal information appearing in DX15 also appears in DX16, which is publicly accessible on the docket. (*Compare* Doc. No. 143-10, *with* Doc. No. 144-28).

The Parties also seek permission to seal portions of deposition transcripts, namely DX1, DX4, and DX5 on the basis that they contain "sensitive personal information, such as dates of birth, financial account information, addresses, and contact information of Opt-In Plaintiffs' family members." (*See* Doc. Nos. 146 at 1–3; 160 at 1–2). The Court finds that these third parties' interests outweigh the public's interest in accessing this personal information because the latter bears only minimal relevance to the underlying Motion for Class Certification. After review, the

---

[8] For purposes of ruling on SpecialtyCare's Motion, the Court need not determine the status of opt-in plaintiffs in light of the Court's dismissal of Plaintiffs' FLSA claims.

[9] SpecialtyCare's Motion states in its background section that it seeks to seal portions of DX12 but makes no such request in the argument section. (*See generally* Doc. No. 142). Inasmuch as SpecialtyCare intended to move to seal portions of DX12, the Court will deny this request without prejudice.

10

Court also finds that the proposed redactions are no broader than necessary to protect this personal information. As such, the Court will grant SpecialtyCare's Motion as to DX1, DX4, and DX5.

### 3. Stipulated Protective Order

Finally, SpecialtyCare seeks to seal documents "designated by SpecialtyCare as Confidential" pursuant to the Protective Order in this case. (*See* Doc. Nos. 142 at 2–3, 160 at 1–2). For the reasons explained in *supra*, Section A.1, designating documents as "confidential" under a stipulated protective order is not a legally sufficient basis for sealing. The Court will therefore deny without prejudice SpecialtyCare's Motion as to documents for which the Parties do not make other arguments, namely DX7, DX8, and DX11.

## III. CONCLUSION

For these reasons, Plaintiffs' Motion (Doc. No. 126) is **GRANTED** in part and **DENIED** in part. It is **DENIED** as to PX14, **DENIED** without prejudice as to PX17 and PX19, and **GRANTED** as to the remaining documents. SpecialtyCare's Motion (Doc. No. 142) is **GRANTED** in part and **DENIED** in part. It is **DENIED** as to DX15, **DENIED** without prejudice as to DX7, DX8, DX11, DX12, DX12-A, DX12-B, and DX12-C, and **GRANTED** as to the remaining documents.

It is so O**RDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE